UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHAWN MCCAIN,                                                    Case No: 1:14-cv-791

       Plaintiff,                                                     Judge Michael R. Barrett

  v.

APEX ENERGY GROUP, et al.,

       Defendants.

## OPINION AND ORDER

This matter is before the Court on Defendants' November 19, 2014 Motion to Dismiss. (Doc. 6). On January 18, 2015, Plaintiff filed a response in opposition along with an Amended Complaint. (Docs. 13, 14).

## I.    LEGAL STANDARDS

When reviewing claims pursuant to Fed. R. Civ. P. 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletics Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008). "[T]o survive a motion to dismiss[,] a complaint must contain 1) 'enough facts to state a claim to relief that is plausible,' 2) more than 'a formulaic recitation of a cause of action's elements,' and 3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M&G Polymers, USA, LLC,* 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007)). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also In re Sofamor Danek Grp.,* 123 F.3d 394, 400 (6th Cir. 1997) (stating that a court "need not accept as

1

true legal conclusions or unwarranted factual inferences"). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 556).

Under Fed. R. Civ. P. 15, the district court has discretion to allow a party to file an amended pleading. Leave to amend should be freely granted when justice so requires.

## II. ANALYSIS

Defendants move to dismiss the claims relating to (1) the Akron/Canton, Cleveland, Tulsa, Atlanta, and Pittsburgh markets; (2) the Nashville market; and (3) fraudulent misrepresentation.[1] Those claims are addressed below.

### A. Akron/Canton, Cleveland, Tulsa, Atlanta, and Pittsburgh Markets

Plaintiff and Defendants agree that the claims involving the Akron/Canton, Cleveland, Tulsa, Atlanta, and Pittsburgh markets should be dismissed.[2] Accordingly, Defendants' motion to dismiss those claims is hereby granted.

### B. The Nashville Market

Defendants assert that Plaintiff's claims with regard to Nashville should be dismissed because they are barred by the doctrine of *res judicata*. Plaintiff disagrees, arguing that the facts upon which its claim of abandonment of the market is based arose after the prior litigation.

Upon review, the Court finds that Plaintiff's claim as pled concerns only the notice requirements for "Markets to be Developed." Although recognizing that the Nashville market under the Reorg Agreement that has been the subject of several lawsuits before this Court is an

---

[1] Defendants do not move to dismiss Plaintiff's claims relating to the Houston market.

[2] Plaintiff acknowledged in the response brief that "Everyone agrees that all claims in the Complaint related to the Tulsa, Akron/Canton, Cleveland, Pittsburgh, and Atlanta markets should be dismissed." (Doc. 13, PageId 70). Plaintiff identified the remaining disputes as being (1) whether he may pursue his claim based on the Nashville market and (2) whether he sufficiently pled his claim for fraudulent misrepresentation. (Id.).

Existing Restricted Market that is not subject to the notice requirements upon which Plaintiff bases his claim and that the issue of abandonment of that market has been previously litigated in a prior action in this Court, Plaintiff nevertheless may plausibly state a claim for abandonment of the market arising after the conclusion of the prior action. That claim would not be barred by the doctrine of *res judicata*.[3] As the Complaint does not raise that issue of abandonment specifically, however, Plaintiff shall be granted leave to amend to clarify, consistent with the above, the theory upon which any claim concerning the Nashville market is based.

### C. Fraudulent Misrepresentation

Defendants argue that Plaintiff's entire complaint, which alleges "fraudulent misrepresentation" should be dismissed for failure to comply with the heightened pleading requirements of Fed. R. Civ. P. 9(b).

Due to the "high risk of abusive litigation," *Twombly*, 550 U.S. at 569 n.14, a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This means that a plaintiff must specify 1) what the fraudulent statements were, 2) who made them, 3) when and where the statements were made, and 4) why the statements were fraudulent. *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012).

The Court agrees that Plaintiff has not pled fraud with particularity in the Complaint. Under Fed. R. Civ. P. 15, however, leave to amend should be freely granted when justice so requires. Accordingly, the Court shall permit Plaintiff to amend the Complaint to plead fraud with particularity.

### III. CONCLUSION

---

[3] Nevertheless, any such claim shall be barred by the doctrine of *res judicata* to the extent it seeks to re-litigate the same issues for the same timeframe set forth in that prior lawsuit.

Consistent with the foregoing, Defendant's Motion to Dismiss (Doc. 6) is **GRANTED IN PART**. Plaintiff's claims with regard to the Akron/Canton, Cleveland, Tulsa, Atlanta and Pittsburgh markets are hereby DISMISSED. Plaintiff shall be granted leave to file an amended complaint consistent with the foregoing to plead his claims regarding the Nashville market and to plead fraudulent misrepresentation with particularity.[4] The amended complaint shall be filed within **14 days** of entry of this Opinion and Order.

Given that the amended complaint (Doc. 14) previously filed by Plaintiff was filed outside the time proscribed by Rule 15 without prior leave of court or demonstrated consent from opposing counsel and because it contains allegations regarding markets for which Plaintiff's claims have been dismissed herein by agreement of the parties (i.e., Atlanta and Pittsburgh), it shall be **STRICKEN** subject to the refiling of an amended complaint consistent with the foregoing.

**IT IS SO ORDERED**.

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT

---

[4] Plaintiff may also reassert his claims concerning the Houston market, which is not addressed in the motion to dismiss.

4