UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHAWN MCCAIN,                       Case No: 1:14-cv-791

        Plaintiff,                       Judge Michael R. Barrett

    v.

APEX ENERGY GROUP, et al.,

        Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Tax Attorney's Fees Related to Motion to Quash USPS Subpoena Against Defendants (Doc. 15), Defendants' Memorandum in Opposition (Doc. 17), and Plaintiff's Reply (Doc. 18).

By way of background, Defendants served a subpoena on the United States Postal Service in this matter on the belief that the service to the post office box at issue had been disrupted. Plaintiff moved to quash the subpoena on December 10, 2014 (Doc. 7), and Plaintiff's counsel represented that the service had not been disrupted. Defendants responded (Doc. 9). On January 16, 2015, the Court denied Plaintiff's motion to quash the subpoena to the United States Postal Service, finding that the information sought was relevant and reasonably calculated to lead to the discovery of admissible evidence. (Doc. 11).

On January 20, 2015, Plaintiff moved for an award of attorney's fees in responding to the motion to quash on the basis that the records from the United States Postal Service did not show any disruption in the service to the post office box at issue, consistent with Plaintiff counsel's prior representations. (Doc. 15). Plaintiff requested that the Court award counsel's fee for one hour, which is $300.00. (Id.).

1

Defendants respond that the subpoena resulted in the production of one page of documentation, which is relevant and potentially admissible at trial. (Doc. 17). Defendants contend that they sought the information from Plaintiff directly through discovery requests first, but then subpoenaed the United States Postal Service after the documentation was not produced. (Id.). Defendants assert that having supporting documentation as to the status of service as to the post office box is preferable to having solely the testimony of counsel on that point. (Id.).

Plaintiff replies that the subpoenaed information shows exactly what Plaintiff's counsel represented it would – that service had not been disrupted to the post office box at issue for nonpayment. (Doc. 18). Plaintiff contends that the basis for subpoenaing the records is paper thin, and serves only to harass Plaintiff's counsel. (Id.).

Upon consideration of the issues presented, the Court declines to award attorney's fees to Plaintiff's counsel on this matter. The parties have a contentious history and have been notoriously distrustful of one another throughout the various lawsuits before this Court. While that contentious history and distrust is no excuse for using the discovery process to harass one another, the documentation requested by Defendants was sought from Plaintiff first, to no avail, and was limited in nature. Further, the Court agreed that the requested documentation may be relevant and lead to the discovery of admissible evidence in the case. Although the documentation obtained was not consistent with the expectations of Defendants, the Court nevertheless continues to agree that there is some relevance of that documentation to the underlying lawsuit based on the Court's familiarity with the notice provisions of the Reorg Agreement at issue and the disputes that have arisen therefrom. For these reasons, the Court will

not award attorney's fees to Plaintiff's counsel on this matter.[1] Plaintiff's motion (Doc. 15) is therefore **DENIED**.

    **IT IS SO ORDERED**.

                                                     s/Michael R. Barrett
                                                     JUDGE MICHAEL R. BARRETT
                                                     UNITED STATES DISTRICT COURT

---

[1] Going forward, the parties are reminded to continue to cooperate in the discovery process and to continue to utilize the discovery process for appropriate purposes within the confines of this lawsuit. Should the parties stray from the purposes of the discovery process, they may subject themselves to payment of the opposing party's attorney's fees associated with that discovery.