UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHAWN MCCAIN,                      Case No. 1:14cv791

        Plaintiff,

-vs-                                Judge Michael R. Barrett

APEX ENERGY GROUP, et al.,

        Defendants.

**OPINION AND ORDER**

This matter came before the Court on a bench trial held on June 23, 2015. The issue before the Court is whether Defendants Apex Energy Group, LLC, Michael Foit, and Paul Lewis (collectively, "Foit Group") satisfied the notice requirements under the Amended and Restated Agreement of Reorganization ("Reorg Agreement") for the Houston market.[1]

**I. BACKGROUND**

    **A. The Reorg Agreement**

The parties previously were in business together, have separated, and now are bound by the Reorg Agreement that has been the subject of multiple lawsuits before this Court, including the present one. The Reorg Agreement provides, among other things, for a detailed system for developing business in new markets to the exclusion of the other party. The system includes four sequential steps that the party seeking to develop the market must complete before the market becomes a "New Restricted Market" under the Reorg Agreement. First, the party seeking

---

[1] McCain's Second Amended Complaint included claims concerning the Houston market, the Nashville market, the Foit Group's alleged fraudulent misrepresentations concerning satisfaction of the 4-Month Capital Commitment and Manufacturing Line of Credit Requirements for various markets, the Foit Group's alleged fraudulent misrepresentation of validly existing business entity relationships in various markets, and alleged defamatory statements by the Foit Group to a mutual supplier concerning the McCain Group. (*See* Doc. 21). Prior to the bench trial, McCain agreed to abandon his claims concerning the Nashville market and the Court ordered that the claims concerning the Houston market and the other remaining claims be bifurcated. (Docs. 26, 27).

1

to develop a market must send by Certified Mail a "Development Notice." The date of the Development Notice is the date of receipt by the other party, as evidenced by the delivery receipt. The Development Notice provides the Developing Party twelve months after the notice date to complete the other requirements ("12-Month Development Period").

Second, the Developing Party must send by Certified Mail a "4-Month Notice" within 4 months after the Notice Date. As with the Development Notice, the date of the 4-Month Notice is the date of receipt by the Other Party, as evidenced by the delivery receipt.

Third, the Developing Party must achieve the substantial business requirement on or prior to the expiration of the 12-Month Development Period.

Fourth, the Developing Party must send a written "Satisfaction Notice" showing that it has met certain requirements prior to the expiration of the 12-Month Development Period. That provision specifically provides:

> Prior to the expiration of the Development Period, the Developing Party must send a written notice (a "Satisfaction Notice") by Certified Mail to the principal address of the Other Party that the Developing Party has satisfied the Capital Commitment Requirement, the Manufacturer Credit Line Requirement and the Substantial Business Requirement . . . for the Designated Market. The date of the Satisfaction Notice shall be deemed the date of receipt by the Other Party, as evidenced by the delivery receipt. For the sake of clarity, the failure of the Developing Party to deliver a Satisfaction Notice to the Other party prior to the expiration of the Development Period shall be deemed a failure to satisfy the Designated Market Conditions and such a Designated Market will be redesignated as a Market to be Developed and the Developing Party is prohibited from providing a Development Notice for such former Designated Market for a period of 12 months after the expiration of the Development Period.

(Trial Ex. A-1, ¶ 3(d)(v)).

While the Reorg Agreement provides that the parties are to cooperate in the fulfillment of the Reorg Agreement and are to do things that may reasonably be requested by the other party to more effectively consummate or document the transactions contemplated therein, their conduct

is, more often than not, dictated by mutual distrust and past discord, as has been previously noted by the Court in prior lawsuits involving these parties.

   B.  **Previous Lawsuit**

In *Apex Energy Group, LLC v. McCain,* Case No. 1:14cv621 (S.D. Ohio), the Foit Group sued Shawn McCain ("McCain") on two issues. The first issue involved a dispute over the satisfaction of the notice requirements for the Salt Lake City market. (Doc. 1, PageId 5-7). The Court issued a decision on that issue on September 30, 2014. (Doc. 11). Of relevance here is that the Court's decision addressed the effectiveness of a notice letter when it is returned "unclaimed." The Court concluded that McCain's failure to produce a delivery receipt for the certified mail sent to the Foit Group was fatal to his claim that the notice was timely sent pursuant to the Reorg Agreement. In so holding, the Court declined to consider whether deliberate refusal to accept certified mail as receipt under the Reorg Agreement because there was no evidence of a deliberate refusal by the Foit Group. In that instance, the evidence showed that the post office attempted delivery on a Saturday when the business was closed and that it was possible, although not certain, that the post office made an undocumented attempt at notice five business days later near the Christmas holiday. The envelope showed only that the letter was "unclaimed." McCain thereafter never made any additional attempt to ensure that the Foit Group was aware of the attempt to send the development notice via certified mail in accordance with the terms of the Reorg Agreement, and the content of the certified mail was never demonstrated to be the requisite notice for the Salt Lake City market. Instead, McCain emailed a copy of a 4-month notice for the market to Plaintiff's counsel before the certified mail was returned, without any indication of an attempt to send the 4-month notice by certified mail as well. It was not until almost four months later that the notice was delivered in accordance with

3

the Reorg Agreement, at which time it was untimely. Now that same market is the subject of a Motion to Show Cause filed by the Foit Group.

The second issue involved a dispute regarding the notice for the Houston Market. (Doc. 1, PageId 3-5). That Complaint alleged that on or about September 9, 2013, the Foit Group served the McCain Group with a Development Notice for the Houston Market. (Id., PageId 3; Doc. 1-1, PageId 39). The Foit Group then timely served the McCain Group with a 4-Month Notice for the Houston market on or about January 2, 2014, as required by the Reorg Agreement. (Doc. 1, PageId 4; Doc. 1-1, PageId 40). Thereafter, on or about May 12, 2014, the McCain Group sent the Foit Group a designation of the Houston Market as a new restricted Market for the McCain Group. (Doc. 1, PageId 4; Doc. 1-1, PageId 41). At a status conference held before the Court on August 28, 2014, the parties agreed to limit the issue to be resolved by the Court to the Salt Lake City market. The McCain Group abandoned its challenge to the Foit Group's delivery of the Development Notice or the 4-month Notice for the Houston Market. Specifically, during the August 28, 2014 on the record conference, the McCain Group relinquished any claims to the Houston market as follows. McCain's counsel, Mr. Moore, stated: "[J]ust for the record, we relinquish any claim to Houston, so Houston is no longer in dispute." (Doc. 5, PageId 57). Foit Group's counsel, Mr. O'Connor, asked Mr. Moore: "Just so I'm clear, then your client isn't contesting my client's rights to the Houston Market." (Id.). Mr. Moore responded: "You are correct." (Id.). Mr. O'Connor then stated: "So our bench trial is just on the rights to Salt Lake City." (Id.). Again, Mr. Moore responded, "Correct." (Id., PageId 58). The parties then agreed that the timeframe for further designations for the Houston Market would be triggered by the Development Notice and the 4-Month Notice that were attached to the Complaint in that case. (Id., PageId 58-59). Attached to the Complaint are the above-referenced Development Notice

4

for the Houston market, which was sent by the Foit Group to McCain on September 9, 2013 for the Houston market, and the Notice of Satisfaction of Conditions for the Houston market, which was mailed by the Foit Group to the McCain Group on January 2, 2014. (Doc. 1-1, PageId 39-40).

      C.      **Current Lawsuit**

In Plaintiff's Second Amended Complaint (Doc. 21), the McCain Group alleges that the Foit Group did not serve the subsequent 12-Month Substantial Business Requirement Notice as required by the Reorg Agreement to the McCain Group for the Houston market. (Doc. 21, PageId 123-24).

The evidence presented at the Bench Trial shows that on September 4, 2014, the Foit Group attempted to send copies of its Satisfaction Notice for the Houston Market via certified mail to the McCain Group's principal address in Austin, Texas, as well as to the McCain Group's business addresses in San Antonio, Texas, Irving, Texas, and Columbus, Ohio. Specifically, Trial Exhibit A-8 shows that such letters were sent to 11500 Metric Blvd., Suite, 250, Austin, Texas 78758; 10408 Gulfdale Street, San Antonio, Texas 78216; 580 Decker Drive, Suite 125, Irving, Texas 75062; and 355 East Campus View, Suite 245, Columbus, Ohio 43235. The postal service attempted delivery at each of those addresses on various September dates with notice being left at each location. The postal service's notation for each indicated "No Authorized Recipient Available" at the time of the attempted deliveries. All of the letters remained "Unclaimed" as of late September.

Trial Exhibit A-8 also shows that the Foit Group sent a copy of the Satisfaction Notice for the Houston market to the McCain Group's attorney via certified mail to the attorney's post office box. That letter was available for pickup as of September 6, 2014 but was "Unclaimed" as

of late September. The Foit Group likewise sent the Satisfaction Notice to the McCain Group's attorney on September 4, 2014, as reflected by Trial Exhibit A-5. As shown in Trial Exhibit A-3, the McCain Group's attorney instructed the Foit Group's attorney in a February 2013 email correspondence to: "Second, please remind them to send all notices directly to me. We want to make sure there will be no confusion for the next round of litigation."

Trial Exhibits A-9 and A-11 show that when the Foit Group received notice that all five of their Satisfaction Notices for the Houston market sent via certified mail had not been delivered, it retransmitted the Satisfaction Notice to the McCain Group on October 3, 2014 via certified mail and UPS to the principal address at 11500 Metric Blvd., Suite, 250, Austin, Texas 78758, as well as to the attorney for the McCain Group via certified mail and email. The UPS delivery to the McCain Group was returned as "Refused" while the certified mail initially was noted as "Refused" but then was noted as "Delivered." The certified mail to the attorney for McCain Group was "Delivered" and the attorney responded to the email correspondence on the same day.

At the June 23, 2015 Bench Trial, Heather Stevens, the Assistant Controller for Apex Energy, testified on behalf of the Foit Group that the various mailings were sent by certified mail. She further testified that when the receipts came back as "unsigned for," the notices were resent by certified mail, regular mail, UPS, and email.

Megan Gwynn, who is the Controller for Energy One of Austin, testified that she was in charge of certified mail acceptance, delivery, and posting. She further testified that only she and McCain were authorized recipients for certified mail, that she never received a peach card indicating attempted delivery, and that the notices were never received. Ms. Gwynn further testified that the general mail was sent to a common post office box and certified mail was

6

typically delivered to the actual business address. McCain likewise testified that he never received the 12-month Satisfaction Notice for the Houston Market.

### III. ANALYSIS

There is no dispute that the Foit Group sent the Satisfaction Notice to McCain's principal place of business within the 12-month time period provided in the Reorg Agreement. Nor do the parties dispute that the postal service's notice of attempted delivery to the principal place of business, or to any of the other three locations, was provided within the requisite timeframe. The primary issue to resolve is whether the Foit Group's inability to produce a receipt of actual "delivery" by certified mail within the proscribed timeframe means that the Foit Group failed to satisfy the 12-Month Notice requirement per the Reorg Agreement.

While there is no direct evidence that McCain or his personnel deliberately refused or deliberately chose not to claim the certified mail in this case, the circumstances presented in this case are distinguishable from those presented in the previous case, *Apex Energy Group, LLC v. McCain,* Case No. 1:14cv621, Docket No. 11 (S.D. Ohio Sept. 30, 2014). Here, the Foit Group made extensive efforts to notify McCain within the requisite timeframe by sending the certified mail to the principal place of business, as well as to three other McCain Group locations and to McCain's attorney per the attorney's prior directive. Despite the attorney being timely notified per his request that the Satisfaction Notices were being sent via certified mail to each of the above-identified locations in a timely manner, all of the Satisfaction Notices went "Unclaimed." Such evidence did not exist in the prior case.

Further, unlike in the previous case, there is no evidence suggesting the postal service's notices were provided only on days the business was closed, during the holiday season, or during any other time that would preclude McCain, or his designated personnel, from receiving the

7

notice.  Indeed, the postal service notices indicate not that the business was closed or otherwise unavailable for contact but that there was "No Authorized Recipient Available."

Additionally, unlike in the previous case, the Foit Group made immediate attempts to resend the Satisfaction Notice by certified mail, and by multiple other means, to McCain and his attorney once it became aware that the prior letters all were "Unclaimed."

Under the Reorg Agreement, a party's cooperation in the fulfillment of the Reorg Agreement is necessary, and the other party may reasonably be requested by the other party to do things to more effectively consummate or document the transactions contemplated therein.  Here, the Court cannot say which party has the better evidence as to cooperation or lack thereof in regards to acceptance of the certified mail, but the totality of the Foit Group's efforts combined with its compliance with the specific instruction from McCain's attorney to send all notices directly to him, which he does not deny receiving, provide constructive and effective notice of the Foit Group's Satisfaction Notice for the Houston market.  Therefore, having fully considered the evidence and arguments presented by the parties, the Court concludes that McCain has not satisfied his burden of proving that the Foit Group failed to satisfy the 12-Month Notice requirement under the Reorg Agreement for the Houston market.

### IV.  CONCLUSION

Consistent with the foregoing, the Court hereby finds **AGAINST** Plaintiff Shawn McCain and **IN FAVOR** of Defendants Apex Energy Group, LLC, Michael Foit, and Paul Lewis on all of Plaintiff Shawn McCain's claims asserted in the Second Amended Complaint against Defendants Apex Energy Group, LLC, Michael Foit, and Paul Lewis with respect to the Houston market.  The preponderance of the evidence does not show that the Foit Group failed to satisfy the 12-Month Notice requirements in the Reorg Agreement for the Houston market, and

therefore, also does not show that the Foit Group violated the non-compete agreement by continuing to sell its product in the Houston market.

As this Opinion and Order has resolved all of outstanding issues, the Foit Group's Motion for Summary Judgment and Motion to Strike (Doc. 24) is **MOOT**.[2]

**IT IS SO ORDERED.**

                                              s/Michael R. Barrett
                                              JUDGE MICHAEL R. BARRETT
                                              UNITED STATES DISTRICT COURT

---

[2] As mentioned in a previous footnote, McCain has abandoned his claim with respect to the Nashville market and the Court has ordered that all other remaining claims asserted in the Second Amended Complaint be bifurcated from the Houston claims.

9